## IN RE ESTATE OF HAROLD J. MARTIN.[1]

February 20, 1931.

No. 28,412.

John H. Horeish and Edgerton, Dohs & Edgerton, for petitioner.
Walsh, Jackson, Walsh & Yackel and Cowern & Christopherson,
for probate court of Ramsey county and Carrie Williams, respondents.

LORING, J.

This is a petition for a writ of prohibition to be directed to the probate court of Ramsey county to prevent it from enforcing an order which the petitioner claims that court had no right to make.

It appears that Harold J. Martin was a soldier in the United States army in the world war and died in Ramsey county leaving, among other things, converted government insurance in the sum of $3,000 and also a government bonus certificate worth over $400.

Carrie Williams was his aunt and would have been his sole heir had he been intestate. However he made a will not long before his

[1]Reported in 235 N. W. 279.

death which left his entire property to the petitioner, Laurence Zaspel; with the exception of a small specific bequest to Father Farrell. His government life insurance was payable to his mother, who predeceased him. In his will he designated the petitioner here as the beneficiary of that policy. Upon presentation of the will for probate Carrie Williams filed objections thereto on the ground among others that the will was obtained by undue influence exerted by this petitioner over the deceased. Before the matter was determined in the probate court a settlement was arrived at between Zaspel and Mrs. Williams, and a stipulation was made by the terms of which Mrs. Williams agreed to withdraw her objection to the probating of the will and Zaspel agreed among other things to turn over to Mrs. Williams the proceeds of the war risk insurance. The will was thereupon admitted to probate and letters testamentary issued to the petitioner herein, who thereupon made the proper showing to the veterans bureau and obtained a check from the United States for the face of the insurance policy. When it was learned that he had received this money and had not turned it over to Mrs. Williams she made application to the probate court of Ramsey county for an order directing him as executor to turn over to her the proceeds of the policy and also of the bonus certificate. The petitioner herein came in and objected to the order asserting that the probate court had no jurisdiction. Upon the showing made the court granted the application of Mrs. Williams and directed the executor to pay over the proceeds of the policy and of the certificate to Mrs. Williams.

Petitioner herein then appealed to the district court of Ramsey county from such order, and that court dismissed the appeal on the ground that the order was not appealable. No effort was made to review the probate court's order by writ of certiorari, but after Judge Wheeler of the probate court of Ramsey county had been appointed to the district bench in that district the petitioner made an application to his successor, Judge Pearson, to set aside Judge Wheeler's order. It was refused and contempt proceedings were commenced. The petitioner then sought a writ of prohibition in

this court. He is now met with the contention that Judge Wheeler's order was final as to the subject matter which it covered, and consequently that it was reviewable by writ of certiorari and that he is not in a position to ask for a writ of prohibition here.

We are of the opinion that the order could have been reviewed by writ of certiorari. It was final as to the subject matter and required no further order on the part of the court to put it into effect.

In the course of an ordinary proceeding in probate court, where it is claimed that the court has attempted to decide a matter not within its jurisdiction, a writ of prohibition is not the proper remedy because, where the order is not appealable, there is an adequate remedy by writ of certiorari which would bring up the record to the district court where the petitioner could raise every question which is now raised here as to the jurisdiction of the probate court. 5 Dunnell, Minn. Dig. (2 ed. & Supp.) § 7842.

We refrain from deciding the question of the probate court's jurisdiction to make the order in question.

The application for the writ of prohibition is denied.